## CIRCUIT COURT OF FAIRFAX COUNTY

Stephen A. Wannall

v.

Wesley Hetrick et al.

December 5, 1989

Cases No. (Law) 92070, 92071, and 92072

By JUDGE LEWIS HALL GRIFFITH

This matter is before the Court on plaintiff's motion to reconsider the sanctions awarded by this Court on November 3, 1989, in Law Nos. 92070, 92071, and 92072. The Court's ruling is set out below.

Plaintiff filed his initial motion for judgment on June 2, 1988 (Law No. 85075) alleging multiple counts of abuse of process and malicious prosecution by the defendants. Plaintiff also alleged a conspiracy among the defendants. In December of 1988, this Court granted defendant's demurrer to Law No. 85075 on various grounds, including improper joining of various causes of action arising out of separate incidents against various defendants. On December 23, 1988, plaintiff filed an amended motion for judgment in Law No. 85075 alleging essentially the same causes of actions against the same defendants. On January 18, 1989, defendants filed a second demurrer to Law No. 85075. That action was subsequently nonsuited.

In March of 1989, plaintiff filed law actions 89707 and 89668 alleging malicious prosecution in Law No. 89707 and abuse of process in both actions. Defendant's initial demurrers to those actions were sustained with leave to amend. Plaintiff filed amended motions for judgment on June 6, 1989. On July 20, 1989, defendant's demurrer to the amended motions for judgment was argued. At that time the matter was taken under advisement.

On July 25, 1989, while Law Nos. 89707 and 89668 were still under advisement, plaintiff filed actions 92070, 92071, and 92072. Plaintiff argues that these actions were initiated to preserve the statute of limitations. In a letter opinion dated September 11, 1989, this Court dismissed the malicious prosecution claim in Law No. 89707 and the abuse of process claims in both actions. On November 3, 1989, counsel for both sides presented argument on defendant's demurrers to the remaining three law actions. This Court dismissed law actions 92070, 92071, and 92072 with prejudice and awarded $1,000.00 in sanctions to the defendant.

In light of the procedural history of this case and the duplicitous nature of the actions filed by plaintiff, the Court's award of sanctions in the amount of $1,000.00 is affirmed.